)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE BREEDEN, ) | |
| ) | NO. CV-05-363-LRS |
| Plaintiff, ) | |
| ) | **ORDER DENYING DEFENDANT'S** |
| -vs- ) | **MOTION FOR SUMMARY JUDGMENT** |
| ) | |
| KAISER ALUMINUM & CHEMICAL ) | |
| CORPORATION, a Delaware ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment. (**Ct. Rec. 13**), which was orally argued on March 1, 2007 and again on May 15, 2007. Lawrence J. Kuznetz participated on behalf of the Plaintiff and William M. Symmes and Michael F. Nienstedt participated on behalf of the Defendant. After careful review of the pleadings submitted by all parties and with the benefit of oral argument, this order will memorialize and supplement the oral rulings of the Court on May 15, 2007, which are incorporated herein by reference.

**I.    DISCUSSION:**

Plaintiff filed this case in October 2005 alleging that his employer, Kaiser Aluminum, violated the Washington Law Against Discrimination (WLAD) by discriminating against him for the perceived disability of taking prescription pain medication. Furthermore,

ORDER - 1

Plaintiff alleges that his employer failed to accommodate him.  *See Complaint*.

Plaintiff's case turns in part on the definition of the term disability under Washington law.  Plaintiff requested that the Court stay the motion for summary judgment and other proceedings herein until the Washington State Supreme Court ruled on the motion for reconsideration in *McClarty v. Totem Pole*, 157 W.2d 214 (2006).

On July 6, 2006, the Washington Supreme Court issued a decision in *McClarty, supra*.  In the opinion, the Court adopted the definition of disability used in the federal Americans with Disabilities Act.  *Id* at 228.  A motion for reconsideration was filed therein on July 26, 2006.  As of March 1, 2007, the Court had not yet ruled on the motion and legislation amending the WLAD was pending before the Washington State legislature.  Because of these developments, Plaintiff's motion for a stay of proceedings in this case was granted on March 2, 2007. (Ct. Rec. 88).

On March 8, 2007, the Washington State Supreme Court issued an order denying the motion for reconsideration in *McClarty, supra*.  In addition, the Washington State legislature  passed a bill amending the WLAD which was signed by Governor Gregoire on May 4, 2007.  The law will take effect on July 22, 2007.  The law, which amends the current statute, specifically includes a retroactivity clause.  The stay of proceedings herein was lifted on May 2, 2007. (Ct. Rec. 100).  The parties submitted supplemental briefing on May 11, 2007.

**A.  SUMMARY JUDGMENT STANDARD**

Under Rule 56c, summary judgment is proper "if the pleadings,

Plaintiff alleges that his employer failed to accommodate him.  *See Complaint*.

Plaintiff's case turns in part on the definition of the term disability under Washington law.  Plaintiff requested that the Court stay the motion for summary judgment and other proceedings herein until the Washington State Supreme Court ruled on the motion for reconsideration in *McClarty v. Totem Pole*, 157 W.2d 214 (2006).

On July 6, 2006, the Washington Supreme Court issued a decision in *McClarty, supra*.  In the opinion, the Court adopted the definition of disability used in the federal Americans with Disabilities Act.  *Id* at 228.  A motion for reconsideration was filed therein on July 26, 2006.  As of March 1, 2007, the Court had not yet ruled on the motion and legislation amending the WLAD was pending before the Washington State legislature.  Because of these developments, Plaintiff's motion for a stay of proceedings in this case was granted on March 2, 2007. (Ct. Rec. 88).

On March 8, 2007, the Washington State Supreme Court issued an order denying the motion for reconsideration in *McClarty, supra*.  In addition, the Washington State legislature  passed a bill amending the WLAD which was signed by Governor Gregoire on May 4, 2007.  The law will take effect on July 22, 2007.  The law, which amends the current statute, specifically includes a retroactivity clause.  The stay of proceedings herein was lifted on May 2, 2007. (Ct. Rec. 100).  The parties submitted supplemental briefing on May 11, 2007.

**A.  SUMMARY JUDGMENT STANDARD**

Under Rule 56c, summary judgment is proper "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56c).  In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986). However, when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial.

**B.   PREEMPTION DOCTRINE DOES NOT APPLY**

Defendant argues that Plaintiff's claims are preempted by the federal law controlling collective bargaining agreements. *See* Labor Management Relations Act codified at 29 U.S.C. § 185.  Plaintiff argues that the preemption doctrine does not apply in this case because it is a claim for disability discrimination, not for unfair labor practices by Kaiser.  For the reasons noted in its oral ruling, this Court agrees with Plaintiff
///
that *Bruce v. Northwest Metal Products, Co.*, 79 Wn.App. 505, 513 (1995) and the case law cited therein supports Plaintiff's position.

**C.   LEGISLATIVE AMENDMENT APPLIES RETROACTIVELY**

The legislature is empowered to change or amend existing laws, and may in certain situations apply such amendments retroactively. *Marine Power & Equipment Co., v. Washington St. Human Rights Comm. Hearing Tribe*,

39 Wn.App. 609, 615 (1985). The Legislature may not claim clarification and retroactively overrule a Supreme Court decision construing a statute without violating the separation of powers doctrine involving the three branches of government. However, if the amendment changes or amends an existing statute and is remedial as defined by case law, such legislative action is permissible. While an amendment is presumed to operate prospectively, this presumption is reversed to favor retroactive application in those instances where the legislation is remedial, concerns procedure or forms of remedies and does not affect a substantive or vested right. *Id.* at 616, 617. Under the circumstances before this Court, the act passed by the legislature was predominantly a remedial amendment to existing law which does not affect a substantive or vested right.

For the reasons set forth in its oral ruling, the Court finds the Legislature's amendment applies retroactively to this case, and therefore, the McClarty definition of disability does not apply. The last section of the amended statute specifically states: "NEW SECTION. Sec. 3 This act is remedial and retroactive, and applies to all causes of action occurring before July 6, 2006, and to all causes of action occurring on or after the effective date of this act." RCW 49.60.040 and 2006 c 4 s 4 (as amended).

**D.   GENUINE ISSUES OF MATERIAL FACT EXIST**

In addition, the Court finds there are genuine issues of material fact, which bar summary judgment at this juncture, including, but not limited to, whether Kaiser perceived the Plaintiff as disabled, and whether Plaintiff is in fact disabled. Furthermore, in his complaint, Plaintiff claims that Kaiser failed to accommodate Mr. Breeden's

disability. As Plaintiff notes the issue of accommodation is generally one for the jury. *Pulcino v. Federal Express Corp.*, 141 Wn.2d 629 (2000).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (**Ct. Rec. 13**) is **DENIED**.

2. Defendant's Motion to Strike Declarations (**Ct. Rec. 68**) is **DENIED**.

3. Plaintiff's Motion to Strike Response to Motion (**Ct. Rec. 77**) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to file this order and provide copies to counsel.

**DATED** this 16th day of May, 2007.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 5